962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel VALENZUELA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70682.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided May 8, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL, and WIGGINS, Circuit Judges, and MUECKE, District Court Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Valenzuela appeals the Board of Immigration Appeals' (BIA) summary dismissal of his appeal. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Valenzuela was admitted to the United States in May of 1981 as a lawful permanent resident. On June 27, 1986, he was convicted in Maricopa County, Arizona of the felony of attempted possession of a narcotic drug, cocaine. Valenzuela was fined, his sentence suspended and he was placed on probation for two years.
 
 
 5
 On April 2, 1987, Valenzuela was charged by an Order to Show Cause (OSC) with deportability for having been convicted of a violation of any law or regulation relating to a controlled substance. See, INA § 241(a)(11). Valenzuela appeared at his deportation hearing with counsel on June 17, 1987. He denied the conviction and deportability and the Immigration Judge reset the hearing for July 14, 1987. At the July 14, 1987 hearing, Valenzuela again appeared with counsel, admitted the conviction, denied deportability and moved for termination of the proceedings based on an alleged defect in the OSC. When the hearing resumed on September 25, 1987, counsel conceded that Valenzuela had no relief from deportation. The Immigration Judge determined that Valenzuela was deportable under 8 U.S.C. §§ 1182(c) and 1254(e) because he had been convicted of a drug related felony and ordered him deported to Mexico.
 
 
 6
 On September 15, 1987, Valenzuela filed a notice of appeal to the BIA stating, "the decision of the immigration judge denying respondent's motion to terminate deportation proceeding was contrary to law, arbitrary and capricious." Valenzuela requested until May 11, 1988 to file his brief. Although his request was granted, Valenzuela failed to file his brief. On June 8, 1988, the government moved for summary dismissal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), which the BIA granted on June 27, 1990 finding that Valenzuela failed to meaningfully identify the basis for the appeal.
 
 
 7
 Prior to filing his petition for review, Valenzuela filed a motion to reopen proceedings before the INS and obtained an order in the United States District Court for the District of Arizona staying his deportation. This court struck all documents relating to the stay and the motion to reopen from the Administrative Record on Appeal.
 
 DISCUSSION
 I. Standard of Review
 
 8
 This Court reviews summary dismissal of appeals by the BIA under 8 C.F.R. § 3.1(d)(1-a) to determine whether such dismissals are "appropriate." Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988); Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985).
 
 
 9
 II. The BIA did not err in summarily dismissing Valenzuela's appeal from the immigration judge where Valenzuela's only stated reason for appealing was that the decision of the immigration judge was contrary to the law and where he offered no supporting brief.
 
 
 10
 Under 8 C.F.R. § 3.1(d)(1-a)(i), summary dismissal of an appeal by the BIA is appropriate if the "alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza, 774 F.2d 1365); Toquero v. INS, No. 90-70439, 1992 WL 13918, at * 3 (9th Cir. January 31, 1992).
 
 
 11
 In this case, Valenzuela filed a notice of appeal on September 15, 1987 stating that the decision of the immigration judge was "contrary to law, arbitrary and capricious." Valenzuela requested, and was granted, until May 11, 1988 to file a brief. On June 8, 1988, after Valenzuela failed to file his brief, the INS moved for summary dismissal. On June 27, 1990, the BIA granted the motion finding that Valenzuela failed to meaningfully identify the basis for his appeal. Valenzuela clearly did not state any specific reasons for his appeal. Rather, he merely quoted the abuse of discretion standard of review for such decisions. Thus, the appeal was inadequate to inform the BIA of what errors the immigration judge had allegedly committed and the BIA did not err in summarily dismissing Valenzuela's appeal.
 
 AFFIRMED
 
 
 *
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3