976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco MIRAMONTES-TORRES, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Miramontes-Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to adequately specify the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On November 14, 1988, Miramontes was issued an order to show cause why he should not be deported pursuant to section 241(a)(11) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(11), as an alien who had been convicted of a law relating to a controlled substance.
 
 
 5
 After a hearing before the immigration judge ("IJ"), Miramontes conceded deportability but sought relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c). After hearing Miramontes's testimony, the IJ found Miramontes to be deportable by clear, convincing, and unequivocal evidence and denied his application for relief under section 212(c).
 
 
 6
 Miramontes timely filed a Form I-290A notice of appeal with the BIA in which he cited three grounds for his appeal:
 
 
 7
 1. Respondent has been in the USA since 1977 and has had continuance [sic] employment since then also.
 
 
 8
 2. Respondent has two USA children to support.
 
 
 9
 3. Respondent was charged with Count I--Conspiracy to Sell Controlled Substance; Count II--Sale of Controlled Substance; Count III--Trafficking Controlled Substance and Count IV--Possession of Controlled Substance With Intent to Sell. As per Public Defender was asked to plea to Count I and other charges were drop [sic]. Had no legal consul [sic] (100%), so he admitted to Count I, because he was a victim of circumstances.
 
 
 10
 In his notice of appeal, Miramontes indicated that he would file a supplemental brief but did not request oral argument. No brief was ever filed. On October 1, 1991, the BIA summarily dismissed Miramontes's appeal, finding that the notice of appeal "in no meaningful way identified the basis of his appeal from the decision of the immigration judge."
 
 II
 Standard of Review
 
 11
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 12
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 13
 Here, Miramontes's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. The statements in the notice of appeal failed to cite any legal authority or apprise the BIA of the legal or factual basis for his appeal in a meaningful way. See Toquero, 956 F.2d at 195. Miramontes merely reiterates equities already presented to the IJ and fails to allege any error in the IJ's decision. Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65.
 
 
 14
 On appeal, however, Miramontes contends that the hearing transcript, the briefing schedule, and the INS's motion for summary dismissal were not sent to his correct address. Accordingly, Miramontes claims he was denied due process.
 
 
 15
 Miramontes's application for 212(c) relief, notice of appeal, and notice of representation filed by Miramontes and his representative all listed Miramontes's address as 1836 Yale St. # A Las Vegas, Nevada 89030. The notice of the IJ's calendar hearing, listed Miramontes apartment number as "R" instead of "A." None of these document listed an address for his designated representative. On appeal, Miramontes submits an affidavit stating that the correct address is apartment number "R" rather than number "A" and that neither he nor his designated representative received a copy of the hearing transcript, the briefing schedule, or the INS's motion for summary dismissal.
 
 
 16
 First, our review of the BIA pursuant to section 8 U.S.C. § 1105a(a)(4) is limited to a determination "solely upon the administrative record upon which the order of deportation is based...." The administrative record in this case reveals that the address provided by Miramontes to the BIA listed his apartment number as "A" and that the various documents were sent to that address.
 
 
 17
 Second, we have held that it is the responsibility of the alien or the alien's counsel to keep the BIA informed of the alien's correct and current address. See Lee v. INS, 685 F.2d at 343, 344 (9th Cir.1982) (responsibility of providing the BIA with a correct and current address lies with the petitioner and petitioner's counsel). Here, Miramontes or his designated representative provided the incorrect address to the BIA. The BIA and the INS merely sent the various documents to the address Miramontes provided.
 
 
 18
 Given these circumstances, the BIA did not violate Miramontes's due process rights by sending the various documents to the address given by Miramontes in his notice of appeal and the notice of appearance. See Lee, 685 F.2d at 344.
 
 
 19
 As the INS notes in its brief, however, Miramontes can raise this issue in a motion to reopen filed with the BIA. See 8 C.F.R. § 3.2. Accordingly, in exercise of our discretion, we stay our mandate for sixty days from the filing of this memorandum to allow Miramontes the opportunity to file a motion to reopen with the BIA. Within fourteen days after the expiration of this period, each party shall file a status report. If Miramontes files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). If Miramontes fails to file a motion to reopen within the 60-day period or fails to file a timely status report, the mandate will issue without further notice.
 
 
 20
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3