## MATTER OF VALENCIA

### In Deportation Proceedings

#### A-24305559

*Decided by Board February 14, 1986*

Where the respondent presented a generalized statement on the Notice of Appeal (Form I-290A), failed to express the specific rationale for his conclusory assertions, filed no separate written brief, and did not seek oral argument to further explain the alleged error, his appeal is summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) (1985) for failure to adequately specify the reasons for the appeal.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Louis Serterides, Esquire
152 Central Avenue
Jersey City, New Jersey 07306

ON BEHALF OF SERVICE:
Teresita R. Guerrero
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 25, 1985, the immigration judge found the respondent deportable on his own admissions under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as a nonimmigrant crewman who remained longer than permitted, and granted him voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) (1985).

On his Notice of Appeal (Form I-290A), the respondent, through counsel, states the following as his reason for this appeal: "I respectfully submit that the hearing officer erred in that of the appellant [sic] burden of proving a well-founded fear of persecution in his native Nicaragua." The respondent also specified on the Notice of Appeal that he does not desire oral argument and that he is not filing a separate written brief in support of his appeal.

We are unable to determine from the respondent's stated reason for his appeal whether the error he alleges relates to the particular

facts of his case, the law applied to them by the immigration judge, or both. By presenting only a generalized statement without filing a supporting brief to explain the specific aspects of the immigration judge's order that the respondent considers to be incorrect, he has failed to meaningfully identify the reasons for taking an appeal. In order to review the appeal, it would therefore be necessary for the Board to search through the record and speculate on what possible errors the respondent claims.

The regulations provide for summary dismissal of an appeal where the party concerned fails to specify the reasons for the appeal. 8 C.F.R. § 3.1(d)(1-a)(i) (1985). In *Matter of Holguin*, 13 I&N Dec. 423 (BIA 1969), we noted that this regulation was designed to permit us to deal promptly with appeals where the reasons given for the appeal are inadequate to apprise the Board of the particular basis for the alien's claim that the immigration judge's decision is wrong. We find that the respondent's appeal is one which warrants summary dismissal for failure to state with specificity the grounds for taking the appeal. *See Reyes-Mendoza* v. *INS*, 774 F.2d 1364 (9th Cir. 1985).

It is essential to the Board's adjudication of an appeal that the reasons given on the Notice of Appeal be as detailed as possible so that the alleged error can be identified and addressed. Without a specific statement, the Board can only guess at how the alien disagrees with the immigration judge's decision. It is therefore insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation. *See Reyes-Mendoza* v. *INS, supra.* Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

Although the regulations only refer to the reasons that must be stated on the Notice of Appeal, the contentions made by an alien on appeal are of course best presented in a brief setting forth his arguments. Depending on the complexity of the issues raised, a brief may be essential to an adequate presentation of the appeal. In all cases, however, the reasons for an appeal must be meaningfully identified on the Notice of Appeal.

The respondent has stated only that the immigration judge erred in finding no well-founded fear of persecution. He has chosen not to

submit a brief to enlighten us as to the specific rationale for his conclusory assertions and did not request an opportunity for oral argument. Under these circumstances, we find that summary dismissal of the appeal is appropriate. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.