**Maria Lucila MARTINEZ–ZELAYA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 86–7558.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1988.

Decided March 4, 1988.

Tom Stanley, Los Angeles, Cal., for petitioner.

Marshall T. Golding, U.S. Dept. of Justice, Civil Div., Washington, D.C., for respondent.

Before BEEZER, KOZINSKI and LEAVY, Circuit Judges.

BEEZER, Circuit Judge:

Maria Lucila Martinez–Zelaya petitions for review of the Board of Immigration Appeals' (BIA) summary dismissal of her appeal from an order finding her deportable and granting her voluntary departure in lieu of deportation. The BIA concluded that the appeal was "frivolous or filed solely for the purpose of delay." 8 C.F.R. § 3.1(d)(1–a)(iv) (1987). We affirm the BIA's summary dismissal and deny the petition for review.

I

On March 6, 1984, Martinez–Zelaya was charged by order to show cause with respect to having entered the United States without inspection. In April 1984, Martinez–Zelaya appeared with fifteen others at a consolidated deportation hearing conducted to receive pleas in response to the orders to show cause and to determine if further relief was requested. The proceeding was conducted with the assistance of a Spanish language interpreter. All sixteen were represented by an attorney, making a special appearance on behalf of an accredited representative of a legal services organization. On behalf of the aliens, the attorney admitted the allegations of the orders to show cause, conceded deportability for entering the United States without inspection, and requested thirty days in which to submit written applications for asylum. The immigration judge (IJ) granted the aliens a continuance to allow them to apply for asylum and withholding of deportation. The IJ stated that if any alien failed to file an application by May 16, 1984, an order would be entered without prior notice directing that alien to depart voluntarily within 30 days or be deported to El Salvador.

When Martinez–Zelaya failed to apply for asylum and withholding of deportation, the IJ on June 11, 1984, issued an order granting Martinez–Zelaya voluntary departure in lieu of deportation. Martinez–Zelaya appealed the IJ's decision to the BIA, but failed to file a brief in support of her appeal. The BIA summarily dismissed the appeal as frivolous and filed solely for the purpose of delay under 8 C.F.R. § 3.1(d)(1–a)(iv) (1987). Martinez–Zelaya timely filed a petition for review.

II

Although we have not clearly articulated the standard for reviewing BIA summary dismissal of appeals under 8 C.F.R. § 3.1(d)(1–a) (1987), we have analyzed whether such summary dismissals are "appropriate." *Reyez–Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir.1985); *see also Santana–Figueroa v. INS*, 644 F.2d 1354, 1357 n. 9 (9th Cir.1981) (noting that "when an alien appeals from an adverse decision on a point he has not conceded, and the appeal is not 'frivolous [or] filed solely for the purpose of delay,' ... summary dismissal is inappropriate and full consideration should be given").[1]

The BIA may summarily dismiss any case in which it is satisfied "from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay." 8 C.F.R. § 3.1(d)(1–a)(iv) (1987). In her notice of appeal from the IJ's decision, Martinez–Zelaya asserted, without supporting explanation, that the attorney who appeared at the consolidated hearing did so without her authorization or consent. In addition, she maintained that she was denied the right of effective assistance of counsel. The notice of appeal also stated that oral argument was not desired but that a separate written brief or statement would be filed. Martinez–Zelaya's counsel was provided with a copy of the transcript and the IJ's decision, and was informed that he had twenty-five days to file an appeal brief.

Despite the waiver of oral argument and assurances that a brief or statement would be filed, no appeal brief, affidavit, statement, or other evidence explaining the

---

1. The Eleventh Circuit has similarly examined whether summary dismissals under 8 C.F.R. § 3.1(d)(1–a) are "appropriate." *Bonne–Annee v. INS*, 810 F.2d 1077, 1078 (11th Cir.1987).

basis for the appeal was ever filed. Nothing was submitted to support the contention that the attorney at the consolidated hearing was not authorized to represent the aliens then present in court. Moreover, none of the aliens made any claim of right to remain in the United States or offered a defense to the charge of deportability.

In her brief to this court, Martinez–Zelaya does not address the propriety of the BIA's summary dismissal. Instead, she states the reasons for appealing the IJ's decision—essentially arguing the points that she failed to make to the BIA: (1) the record of the proceeding before the IJ does not demonstrate that Martinez–Zelaya in fact was represented by the attorney who conceded deportability, and (2) the record of the proceeding must affirmatively demonstrate that Martinez–Zelaya consents to representation by a particular attorney or accredited representative.

■ Matinez–Zelaya's arguments come too late. Our review does not extend to what Martinez–Zelaya should have argued to the BIA. Instead, our review is confined to the BIA's decision and the bases upon which the BIA relied. *See Hyun Joon Chung v. INS*, 720 F.2d 1471, 1475 (9th Cir.), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984); *Menezes v. INS*, 601 F.2d 1028, 1033 n. 7 (9th Cir. 1979). We have held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of "what aspects of the IJ's decision were allegedly incorrect and why." *Reyes–Mendoza*, 774 F.2d at 1364–65; *see also Bonne–Annee v. INS*, 810 F.2d 1077, 1078 (11th Cir.1987); *Townsend v. INS*, 799 F.2d 179, 181–82 (5th Cir.1986).[2]

Martinez–Zelaya failed to offer evidence to the BIA explaining why she made no objection at the hearing if the attorney was not in fact authorized to represent her.

Moreover, she submitted no claim that deportability was improperly conceded because she has a defense to the charge of deportability or a right to remain in the United States.[3]

Our review of the record demonstrates that the BIA properly concluded that the appeal was frivolous and filed only for the purpose of delay. Summary dismissal was thus appropriate. Accordingly, we affirm the BIA's dismissal and deny the petition for review.

### III

■ At oral argument, petitioner's attorney made the novel argument that the absence of Form G–28 from the record constituted *per se* evidence that the counsel who made a special appearance on behalf of an accredited representative was not authorized to represent Martinez–Zelaya. INS responded that the form is not required in every case. Form G–28 is a "Notice of Entry of Appearance as Attorney or Representative." The relevant INS regulation provides that "[a]n appearance shall be filed on Form G–28 by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative." 8 C.F.R. § 292.4(a) (1987).

Of particular importance is the regulation's following sentence, which addresses an attorney's authority to represent: "When an appearance is made by a person acting in a representative capacity, his *personal appearance* or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent." *Id.* (emphasis added). Because personal appearance by a representative suffices to demonstrate authority to represent independent of the ex-

---

**2.** Although the BIA did not dismiss the appeal for failure "to specify the reasons of his appeal," 8 C.F.R. § 3.1(d)(1–a)(i) (1987), the failure to submit briefs and inform sufficiently the basis of the appeal lends support to our conclusion that the appeal was "frivolous or filed solely for

the purpose of delay," 8 C.F.R. § 3.1(d)(1–a)(iv) (1987).

**3.** Besides not submitting a brief or statement to support her appeal to the BIA, the IJ gave Martinez–Zelaya ample time to apply for asylum or withholding of deportation. She failed to do so.

istence of Form G–28, we refuse to adopt the *per se* rule advanced by petitioner's attorney. Form G–28 serves a notification function; it does not prove whether an attorney has authority to represent. The absence of Form G–28 from the record thus does not demonstrate that the attorney at the consolidated deportation hearing did not have the authority to represent Martinez–Zelaya.

AFFIRMED.