972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Jose AMIAL-CLARA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Jose Amial-Clara, a native and citizen of Mexico,[1] petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On October 18, 1988, Amial was issued an order to show cause why he should not be deported pursuant to section 241(a)(11) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(11), as an alien who had been convicted of a violation of law relating to a controlled substance.[2]
 
 
 5
 At his initial deportation hearing on May 17, 1990, Amial denied that he had been convicted of the narcotics offense alleged in the order to show cause. Nevertheless, at his deportation hearing on November 7, 1990, Amial, represented by counsel, admitted the allegation regarding his narcotics conviction and conceded deportability. At the hearing, Amial presented a claim for waiver of deportation pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c). On November 7, 1990, the immigration judge ("IJ") found Amial to be deportable by clear, convincing, and unequivocal evidence and denied Amial's request for section 212(c) relief.
 
 
 6
 Amial timely filed a Form I-290A notice of appeal pro se with the BIA in which he cited six grounds for his appeal:
 
 
 7
 a. My family lives in Indio (ex-wife and three children) and I want to provide as much financial support as possible.
 
 
 8
 b. I have worked productively most of my life as a fieldworker in the U.S.
 
 
 9
 c. I live with and assist my father (who is disabled) and my mother.
 
 
 10
 d. I have attended U.S. schools all my life and have my G.E.D. high school diploma.
 
 
 11
 e. I have virtually complied with all my conditions of parole.
 
 
 12
 f. I have talked to a counselor about enrolling in Imperial Valley College to study to become agricultural inspector.
 
 
 13
 In his notice of appeal, Amial indicated he would not be filing a supplemental brief and did not request oral argument. On July 26, 1991, the BIA summarily dismissed Amial's appeal, finding the notice of appeal "has not alleged any error which could provide the basis for our review of the record."
 
 II
 Standard of Review
 
 14
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)): see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 15
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 16
 The BIA has articulated strict specificity requirements for appellants attempting to state the reasons for their appeal:
 
 
 17
 It is insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation.... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 18
 Matter of Valencia, 19 I. & N. Dec. 354 (1986). This court has approved the BIA's strict interpretation of 8 C.F.R. § 3.1(d)(1-a)(i). See Reyes-Mendoza, 774 F.2d at 1365.
 
 
 19
 Here, Amial's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. The statements in the notice of appeal failed to cite any legal authority or any specific allegations of error in the IJ's decision and in no meaningful way apprised the BIA of the legal or factual basis for his appeal. See Toquero, 956 F.2d at 195. Although Amial asserted specific facts in his notice of appeal, it is unclear whether he is contending that (1) the IJ erred in his findings of fact, which contradicted some, but not all, of the facts asserted in the notice of appeal, (2) the IJ erred by finding the facts were insufficient to demonstrate the outstanding equities that would justify section 212(c) relief, (3) the IJ erroneously held, as a matter of law, that the facts presented were not evidence of the "positive factors" to be weighed by the IJ when balancing the factors relevant to section 212(c) relief, or (4) some combination of these possible bases for appeal. Because it is unclear which aspect of the IJ's decision Amial was challenging, the BIA " 'was left guessing at how and why petitioner thought the court had erred.' " Toquero, 956 F.2d at 195 (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988)).
 
 
 20
 Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, Amial's petition for review is denied.
 
 
 21
 Amial has indicated that he intends to file a motion to reopen with the BIA. In exercise of our discretion, we stay the mandate for sixty days from the filing of this memorandum of disposition to allow Amial the opportunity to file a motion to reopen with the BIA. If such motion is filed, the mandate will be stayed for such further time as is necessary for the BIA's disposition of Amial's motion. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). If Amial fails to file the motion within the 60-day period, the mandate will issue without further notice.[3]
 
 
 22
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Amial entered the United States as a lawful permanent resident at age 2 in September 1964
 
 
 [2]
 On February 7, 1986, Amial was convicted of violating Cal. Health & Safety Code § 11350 (possession of heroin)
 
 
 [3]
 On January 14, 1992, this court issued an order to show cause why a $250 sanction should not be imposed against Amial's counsel for failing to file a timely opening brief. Fed.R.App.P. 46(c). Amial's counsel filed a response to the order to show cause on February 4, 1992. Gustavo Roman, Amial's counsel, submitted a declaration stating that his office had been in reorganization following the departure of two associate attorneys and key secretaries. As a result of the reorganization, the time schedule order issued for this case was misplaced, and the opening brief due date was not calendared. Roman has assured the court that his staff will be properly trained in federal appellate court practice and procedures to avoid violating 9th Circuit Rules. In light of these facts, we waive the imposition of sanctions