974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicente MIRAMONTES-CUMPLIDO, Petitioner
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70670.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vicente Miramontes-Cumplido, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On July 31, 1989, Miramontes was issued an order to show cause why he should not be deported pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2), as an alien who entered the United States without inspection.
 
 
 5
 Miramontes, represented by counsel, conceded deportability, but sought relief under the Registry Act, 8 U.S.C. § 1259(b). The immigration judge ("IJ") found Miramontes statutorily ineligible for relief under the Registry Act because he had not been continuously present in the United States as evidenced by his deportation to Mexico in 1983 and 1984. The IJ then found Miramontes to be deportable by clear, convincing, and unequivocal evidence and denied Miramontes's request for voluntary departure.
 
 
 6
 Miramontes timely filed a Form I-290A notice of appeal with the BIA in which he cited three grounds for his appeal:
 
 
 7
 1. The Judge erred in denying appellant the opportunity to present his application for registry by granting the trial attorneys [sic] motion to preclude submission of said application.
 
 
 8
 2. Appellant's deportations do not disrupt his continuous residence.
 
 
 9
 3. The Judge abused his discretion in denying voluntary departure as no evidence was presented to establish appellant's good moral character so as to preclude an application for registry.
 
 
 10
 In his notice of appeal, Miramontes indicated that he would file a supplemental brief but did not request oral argument. No brief was ever filed. On September 26, 1991, the BIA summarily dismissed Miramontes's appeal, finding that the notice of appeal "has not alleged any error which could provide the basis for our review of the record."
 
 II
 Standard of Review
 
 11
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 12
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 13
 The BIA has articulated strict specificity requirements for appellants attempting to state the reasons for their appeal:
 
 
 14
 It is insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation.... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 15
 Matter of Valencia, 19 I. & N. Dec. 354 (1986). This court has approved the BIA's strict interpretation of 8 C.F.R. § 3.1(d)(1-a)(i). See Reyes-Mendoza, 774 F.2d at 1365.
 
 
 16
 Here, Miramontes's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. The statements in the notice of appeal failed to cite any legal authority or apprise the BIA of the legal or factual basis for his appeal in a meaningful way. See Toquero, 956 F.2d at 195. Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65.
 
 
 17
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3