977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan MARTINEZ-ALCALA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Manuel Martinez-Alcala, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 Martinez entered the United States as a lawful permanent resident on October 26, 1988. On January 4, 1990, Martinez was issued an order to show cause why he should not be deported pursuant to section 241(a)(14) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(14), as an alien who had been convicted of carrying a loaded firearm in a public place.[1]
 
 
 5
 At his deportation hearing on August 14, 1991, Martinez, represented by counsel, denied his conviction and denied that he was deportable. Nevertheless, based on the criminal complaint charging Martinez with the offense, a record of the court proceedings in which Martinez pleaded nolo contendre to the charge, and Martinez's concession of the factual basis for the plea and conviction, the immigration judge ("IJ") found Martinez had been convicted of bearing a firearm as defined in 18 U.S.C. § 921(a)(3). The IJ found Martinez deportable under section 241(a)(14) and ordered Martinez deported to Mexico.
 
 
 6
 Through counsel, Martinez filed an untimely Form EOIR-26 notice of appeal with the BIA. Martinez's stated ground for appeal was:
 
 
 7
 The resdpondent [sic] appeals from the decision of the immigration judge finding him deportable based on the allegations set forth in the Order to Show Cause. The misdemeanor complaint is insufficient to establish a basis for deportability. The respondent was denied equal protection and due process of law in finding that was [sic] deportable based on the allegations set for[th] in the order to show cause.
 
 
 8
 In his notice of appeal, Martinez indicated he would be filing a supplemental brief and requested oral argument. Nevertheless, Martinez did not file a supplemental brief. On January 28, 1992, the BIA granted the INS's motion for summary dismissal of Martinez's appeal, finding the notice "has in no meaningful way identified the basis of his appeal ... which would not require us to construct his legal arguments for him."[2] Martinez timely filed a petition for review of the BIA's summary dismissal.
 
 II
 Standard of Review
 
 9
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Summary Dismissal
 
 10
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 11
 The BIA has articulated strict specificity requirements for appellants attempting to state the reasons for their appeal:
 
 
 12
 It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established.... Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 13
 Matter of Valencia, 19 I. & N. Dec. 354 (1986). This court has approved the BIA's strict interpretation of 8 C.F.R. § 3.1(d)(1-a)(i). See Reyes-Mendoza, 774 F.2d at 1365.
 
 
 14
 Here, Martinez's notice of appeal did not adequately inform the BIA of the specific grounds for his appeal. See Martinez-Zelaya, 841 F.2d at 296. The one paragraph statement in the notice of appeal failed to cite any legal authority or any specific allegations of error in the IJ's decision and in no meaningful way apprised the BIA of the legal or factual basis for his appeal. See Toquero, 956 F.2d at 195. Martinez's generalized statement did not clearly state whether Martinez was contesting the facts constituting evidence of his conviction, the IJ's decision that the evidence presented was sufficient to meet the clear and convincing standard, or the IJ's interpretation of section 241(a)(14). Therefore, the BIA " 'was left guessing at how and why petitioner thought the court had erred.' " Id. (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988)).
 
 
 15
 Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, Martinez's petition for review is denied.
 
 IV
 Agency's Interpretation of Statute
 
 16
 For the first time on appeal, Martinez contends the INS's application of 8 U.S.C. § 1251(a)(14) to him was an overly-broad application of the statute. An alien must raise an IJ's errors to the BIA in the first instance; otherwise, the arguments of error are waived on appeal. See Florez-de Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986) (court of appeals is precluded from considering claims of IJ errors that alien failed to raise in administrative appeal). Because Martinez failed to argue to the BIA that the IJ erred in determining Martinez's conviction was encompassed within 8 U.S.C. § 1251(a)(14), he waived his right to raise the issue before this court. See id.; see also Martinez-Zelaya, 841 F.2d at 296 (court of appeals review is limited to BIA's decision and the basis for the BIA's decision).
 
 V
 Stay of Mandate
 
 17
 In exercise of our discretion, we stay the order of deportation for sixty days from the filing of this memorandum of disposition to allow Martinez the opportunity to file a motion to reopen with the BIA. If such motion is filed, the mandate will be stayed for such further time as is necessary for the BIA's disposition of Martinez's motion. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985). If Martinez does not file a motion within the 60-day period, the mandate will issue without further notice.
 
 
 18
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On December 29, 1989, Martinez was convicted in the San Mateo Municipal Court of California of the misdemeanor offense of carrying a loaded firearm in a public place, in violation of Cal.Penal Code § 12031, and was sentenced to serve ten days in jail, with the sentence suspended on the condition of completing two years unsupervised court probation. Martinez successfully completed probation. On May 1, 1992, the San Mateo Municipal Court set aside and vacated the charges pursuant to Cal.Penal Code § 1203.4
 
 
 [2]
 Martinez failed to oppose the government's motion for summary dismissal