990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norma Elizabeth PADILLA-HERNANDEZ, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70227.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 19, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norma Elizabeth Padilla-Hernandez, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' (BIA) summary dismissal of her appeal from an immigration judge's (IJ) decision finding her deportable as charged and denying her applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). The BIA dismissed the appeal for failure to specify adequately the grounds for appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are "appropriate." ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)).
 
 
 4
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. This court has held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 
 5
 The BIA has articulated strict specificity requirements for appellants attempting to state the reasons for their appeal:
 
 
 6
 It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established.... Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 7
 Matter of Valencia, 19 I. & N. Dec. 354 (1986). This court has approved the BIA's strict interpretation of section 3.1(d)(1-a)(i). See, e.g. Reyes-Mendoza, 774 F.2d at 1365.
 
 
 8
 Through counsel, Padilla-Hernandez, filed an untimely notice of appeal with the BIA. Her stated ground for appeal was:
 
 
 9
 Respondent through credible uncontroverted testimony has demonstrated that she has meet [sic] his [sic] burden for relief pursuant to 208 and 243 and that the Judged [sic] erred in denying said relief.
 
 
 10
 In her notice of appeal, Padilla-Hernandez indicated that she would not be filing a separate written brief or statement and did not request oral argument before the BIA. Padilla-Hernandez subsequently requested and was granted an extension of time to submit a brief in support of her appeal. She later waived submission of the brief requesting that the appeal be "considered in light of the record and the notice of appeal."
 
 
 11
 The BIA summarily dismissed the appeal, finding that Padilla-Hernandez failed to "articulate any specific error on the part of the immigration judge, cite[ ] [any] legal or factual support for her case, and otherwise ... provide any meaningful basis for review of the [IJ's] decision."
 
 
 12
 Padilla-Hernandez' notice of appeal did not adequately inform the BIA of the specific grounds for her appeal. See Martinez-Zelaya, 841 F.2d at 296. The one paragraph statement in the notice of appeal failed to cite any legal authority or any specific allegations of error in the IJ's decision and in no meaningful way apprised the BIA of the legal or factual basis for her appeal. See Toquero, 956 F.2d at 195. Therefore, the BIA " 'was left guessing at how and why petition thought the court had erred.' " Id. (quoting Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988).
 
 
 13
 Thus, based on the information in the notice of appeal, the BIA's summary dismissal under section 3.1(d)(1-a)(i) was "appropriate." See Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, Padilla-Hernandez' petition for review is denied.[1]
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Padilla-Hernandez contends that she had trouble understanding the government interpreter, her attorney did not "understand" her case, and she will be singled out for persecution and fears for her life if she returns to Honduras. An alien must raise an IJ's errors before the BIA in the first instance; otherwise, the arguments of error are waived on appeal. See Florez-De Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986) (court of appeals from considering claims of IJ errors alien failed to raise in administrative appeal). Because Padilla-Hernandez failed to present her claims of error to the BIA, she waived her right to raise them before this court. See id.; see also Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993) (court of appeals review is limited to BIA's decision and the basis for the BIA's decision)