Dolores Enriqueta GALINDO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73255.

Agency No. A74–822–788.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Dec. 17, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Christopher J. Stender, Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Alison R. Drucker, Donald E. Keener, U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Dolores Enriqueta Galindo, a citizen of Guatemala, appeals the Board of Immigration Appeals' ("BIA's") summary affirmance of the Immigration Judge's ("IJ's") decision denying asylum and withholding of deportation. Galindo argues that the BIA and IJ erred and she should be granted asylum or withholding of deportation. Because the parties are familiar with the facts, we will not recount them here except as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1105a[1] and we deny Galindo's petition.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The immigration proceedings in this case commenced on December 26, 1996 and the BIA issued its decisions on June 14, 2002 and September 9, 2002. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 100 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. The transitional rules under the IIRIRA apply to this case because deportation proceedings were initiated before April 1, 1997 and the BIA's decision was entered after October 31, 1996. These rules, found in the notes to 8 U.S.C. § 1101, do not affect the review of asylum claims except that appeal from the BIA to this court must have occurred within 30 days. This appeal was timely under the transitional rules. Even though the transitional rules apply, this court still has jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1); *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997); *Narayan v. INS,* 105 F.3d 1335 (9th Cir.1997).

■ As an initial matter, the government argues that the panel can only review the BIA's ruling on Galindo's motion to reopen and not the merits of her appeal. Galindo, in turn, argues that the BIA sent its initial decision on the merits to her attorneys' old address, and therefore denied her the ability to appeal the merits of the case, abridging her substantial rights. Galindo's attorneys sent change of address information to the INS two and a half years before that body issued its substantive decision on the merits. Moreover, less than a month after the BIA sent its initial decision to the wrong address, it sent a form granting Galindo an extension of time for voluntary departure to her attorneys' *new* address. This suggests that the BIA/INS had in fact received the notice of the change of address and was capable of acting on it. We therefore proceed to the merits of Galindo's appeal.

■ In order to qualify for asylum under 8 U.S.C. § 1158(b), an applicant must show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, 8 U.S.C. § 1101(a)(42)(A). "The 'well-founded fear' standard has both an objective and subjective component. The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." *Aguilera–Cota v. INS,* 914 F.2d 1375, 1378 (9th Cir.1990) (internal quotation marks omitted). "The subjective component requires that the applicant have a genuine concern that he will be persecuted." *Id.*

The basis for Galindo's claim of asylum essentially boils down to the following: soldiers searched houses in her village for weapons on more than one occasion; they accused her of complicity with the guerillas on account of friendship with her neighbors; she was afraid the soldiers would take her away; and after Galindo had left for the United States her mother was beaten by the army and told that if Galindo returned the army would take her away.

This is insufficient to support a claim for asylum. Galindo has not shown that the evidence compels the conclusion that "persecution will probably result should [s]he return to [her] homeland." *Castillo v. INS,* 951 F.2d 1117, 1121 (9th Cir.1991). Galindo argues that she is "a victim of past persecution," but can point to nothing more than her brief verbal exchanges with the Guatemalan army as evidence of this. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995); *see also Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) ("Brief detention does not necessarily establish persecution.").

Galindo asserts that her "life or freedom would be threatened ... on account of the Guatemalan government's associating her with persons believed to have interests adverse to the Guatemalan government." This presumably is a reference to her neighbors, but there is no evidence that any harm has befallen *them* in the first place, let alone that harm is likely to befall *her.* Galindo also argues that her life was threatened, but the testimony cited to support this proposition does not support this. In short, Galindo severely overstates the degree to which her life appears to have been in danger on account of the army visits.

Galindo points out that she "made a political decision to remain neutral." It is true that "[n]eutrality is a 'political opinion,' and it is not necessary that we know the motivation for an applicant's political opinion." *Turcios v. INS,* 821 F.2d 1396, 1401 (9th Cir.1987). However, the evi-

dence supports the inference not that Galindo was neutral as to the conflict between the government and the guerillas, but rather that she had no opinion, or, more importantly, no opinion that the army was aware of. "To demonstrate that persecution was 'on account of' an imputed political opinion, an applicant first must show that her persecutors actually imputed a political opinion to her at the time they persecuted her." *Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001). Galindo has come forth with no such proof.

■ Galindo also argues that Guatemala had been undergoing a civil war for decades, with a constant threat of random violence. However, as the IJ noted, evidence of generalized violence in a country by itself is insufficient to support a claim for "refugee" status. *See Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987).

■ Finally, the failure to satisfy the standard for asylum necessarily implies the failure to meet the standard for withholding of deportation. *Ochave,* 254 F.3d at 868; *see also Diaz–Escobar v. INS,* 782 F.2d 1488, 1491–92 (9th Cir.1986). Because Galindo has not made the requisite showing for asylum, she necessarily cannot pass the bar for withholding of deportation.

The petition for review is DENIED.

THOMAS, Circuit Judge, concurring.

I agree that the petition for review should be denied, but for a different reason. The petitioner in this case did not file a timely petition for review from the BIA decision on the merits. This appeal is only from the BIA's denial of the motion to reopen. Thus, our review is confined to that decision and the grounds on which the BIA based its denial of the motion to reopen. *Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869 (9th Cir.2003) (citing *Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988)).

The BIA denied petitioner's motion to reopen for the following reasons:

> The respondent moves the Board pursuant to 8 C.F.R. § 3.2 to reopen our decision dated June 14, 2002. The thrust of the respondent's motion is that the board sent a copy of the final order in this matter to an old address of the respondent's counsel. According to the respondent, this caused prejudice and caused him to lose "valuable appellate rights," without specifying either the prejudice or what rights were lost. *The only possible prejudice to the respondent could have been a lack of time to prepare for voluntary departure.* However, the respondent's own submissions indicate that this period was extended until August 14, 2002. Accordingly, the motion is denied. (emphasis added).

The italicized language indicates that the BIA did not engage in any review of whether petitioner was prejudiced by losing her rights to appeal to *this* Court. It *only* looked at the issue of whether petitioner was prejudiced by a delay in preparing for voluntary departure. In other words, the BIA did not interpret the motion to reopen as a mechanism for reinstating the right to appeal to this Court. This makes sense, as it would be odd for the BIA to determine whether loss of appeal rights to this Court prejudiced petitioner: The reason a petitioner would need appeal rights is to get another decision making body to review the BIA's decision, not to induce the BIA to review its own decision.

In sum, I believe the BIA interpreted the motion to reopen correctly and correctly found no prejudice to petitioner's preparation for voluntary departure. For that reason, I agree that the petition for review

should be denied. I would not reach the merits of the original BIA decision.