**Anal SAHA, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

No. 06–3079–ag.

United States Court of Appeals, Second Circuit.

June 18, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jesse M. Bless, (Peter D. Keisler, Assistant Attorney General, Civil Division and David V. Bernal, Assistant Director, on the brief), Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Anal Saha, a native and citizen of Bangladesh, petitions for review of a June 1, 2006 order of the BIA, *In re Saha,* No. A72–778–711 (B.I.A. June 1, 2006), which summarily dismissed his appeal for failing to submit a brief after indicating that he would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E) ("A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which ... [t]he party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]"). We assume the parties' familiarity with the underlying facts and procedural history.

Saha contends that the BIA was precluded from summarily dismissing his appeal for failure to file a brief because the statement in his notice of appeal complied with the BIA's specificity requirements,

*see* 8 C.F.R. § 1003.3(b); *In re Valencia,* 19 I. & N. Dec. 354, 355 (B.I.A.1986). We do not consider whether the BIA may summarily dismiss an appeal where the notice of appeal satisfies the BIA's specificity requirements because Saha's notice of appeal fell short of those requirements.[1] Saha (1) failed to "state whether the alleged error [in denying discretionary relief] relate[d] to statutory grounds of eligibility or to the exercise of discretion[,]" 8 C.F.R. § 1003.3(b), and (2) included no "discussion of the particular details contested" with regard to the Immigration Judge's adverse credibility finding, *Valencia,* 19 I. & N. Dec. at 355.

We have considered Saha's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED.**

---

1. Nor do we address any claim that petitioner may have for ineffective assistance of counsel based on the failure by his then attorney, Roland Gell, to submit a brief or even to reasonably explain his failure to do so.

