Lin v. Holder

BIA
Holmes-Simmons, I.J.
A073 040 479

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of August, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> JOSEPH M. MCLAUGHLIN,
> PETER W. HALL,
>> *Circuit Judges.*

_____

SHAN XIAN LIN,
>       *Petitioner,*

> v.                                          11-3193
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:      Shan Xian Lin, *pro se*, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shan Xian Lin, a native and citizen of the People's Republic of China, seeks review of a July 5, 2011 decision of the BIA summarily dismissing his appeal from the March 8, 2010 decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying his motion to reopen. *In re Shan Xian Lin*, No. A073 040 479 (B.I.A. July 5, 2011), *dismissing appeal from In re Shan Xian Lin,* No. A073 040 479 (Immig. Ct. N.Y. City Mar. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The regulation the BIA relied upon in its decision dismissing Lin's appeal provides that:

> A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which: (A) The party concerned failed to specify the reasons for the appeal on Form EOIR-26 . . . [or] (E) The party concerned indicates on Form EOIR-26 [] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.

8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(A) is appropriate where an alien's Form EOIR-26 provides only conclusory assertions, unsupported by specific rational for the alien's arguments. *See Matter of Valencia*, 19 I. & N. Dec. 354, 355 (B.I.A. Feb. 14, 1986).

Here, in his Form EOIR-26, Lin provided only conclusory assertions challenging the IJ's denial of his motion to reopen. Accordingly, even taking into account his *pro se* status, Lin's explanation of the reasons for his appeal fell far short of the standard. *Id.*

2

Further, Lin indicated in his Form EOIR-26 that he was going to file a brief or written statement in support of his appeal.  Lin concedes that he failed to do so but argues that he did not receive the BIA's briefing schedule.  The BIA rejected this argument, noting that previous correspondence sent to Lin's address had been received and the briefing schedule had not been returned as undeliverable.  Here, substantial evidence supports the BIA's conclusion.  8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).   Given that nothing in the record, other than his own unsupported assertion, suggests that the briefing schedule did not reach Lin, the record does not compel the conclusion that the BIA erred in determining that Lin had actually received the briefing schedule.  8 U.S.C. § 1252(b)(4)(B); *see also Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006) (per curiam) ("We hold that even in the context of regular mail, a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." (internal quotation marks omitted)). Accordingly, the BIA's summary dismissal of Lin's appeal was without error.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3