**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-1704**

─────────────

NELSON EDGARDO LAZO ELVIR, a/k/a Nelson Edgardo Lazo Elvin,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted: May 4, 2023                                   Decided: June 15, 2023

─────────────

Before GREGORY, Chief Judge, and WILKINSON and HARRIS, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES P.C., Fairfax, Virginia, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Walter Bocchini, Senior Litigation Counsel, Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Edgardo Lazo Elvir, a native and citizen of Honduras, petitions for review of the orders of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his applications for withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal.[*] We deny the petition for review.

The Immigration and Nationality Act permits a noncitizen to seek withholding of removal from the United States. *See* 8 U.S.C. § 1231(b)(3)(A). "An applicant for withholding of removal must show that, if []he were removed, it is more likely than not that h[is] 'life or freedom would be threatened . . . because of h[is] race, religion, nationality, membership in a particular social group, or political opinion.'" *Del Carmen Amaya-De Sicaran v. Barr*, 979 F.3d 210, 218 (4th Cir. 2020) (quoting 8 U.S.C. § 1231(b)(3)(A)). "To prevail on [a] withholding of removal claim, [an applicant] must establish a clear probability of persecution on the basis of race, religion, nationality, political opinion, or membership in a particular social group." *Singh v. Holder*, 699 F.3d 321, 332 (4th Cir. 2012) (internal quotation marks omitted). Persecution is "the infliction or threat of death, torture, or injury to one's person or freedom[.]" *Li v. Gonzales*, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted).

---

[*] Lazo Elvir does not challenge the IJ's finding that his asylum application was untimely.

2

"When an applicant claims that []he fears persecution by a private actor, []he must also show that the government in h[is] native country is unable or unwilling to control h[is] persecutor." *Diaz de Gomez*, 987 F.3d at 365 (internal quotation marks omitted). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (internal quotation marks omitted). We review the agency's factual findings for substantial evidence. *Diaz de Gomez,* 987 F.3d at 362. Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Diaz de Gomez*, 987 F.3d at 363.

We conclude that the Board considered the undisputed evidence and properly found that Lazo Elvir did not suffer past persecution. 8 C.F.R. § 1003.1(d)(3)(iv)(A)(4). Lazo Elvir also asserts that the Board did not consider relevant evidence showing a clear probability of persecution. The Board abuses its discretion if it arbitrarily ignores relevant evidence. *Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 974 (4th Cir. 2019). Unrebutted, legally significant evidence should not be ignored by the factfinder. *Id*. We conclude that the Board did not ignore legally significant evidence on whether Lazo Elvir has a clear probability of persecution in Honduras. There was no evidence that Lazo Elvir will be targeted for persecution on account of his familial relationship to this father.

Lazo Elvir contends that the Board ignored his claim that he will be persecuted in Honduras because of his tattoos. The IJ found that Lazo Elvir's proposed particular social group of tattooed deportees returning to Honduras was not cognizable and that Lazo Elvir

3

failed to show a clear probability of persecution because of this particular social group. In an appeal to the Board, the noncitizen "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified." 8 C.F.R. § 1003.3(b) (2022). The Board has held that the reasons for the appeal must "be as detailed as possible," otherwise, "the Board can only guess at how the alien disagrees with the [IJ]'s decision." *In re Valencia*, 19 I. & N. Dec. 354, 355 (B.I.A. 1986) (finding that it was "insufficient to merely assert that the [IJ] improperly . . . denied an application for relief from deportation"). Lazo Elvir failed to challenge on appeal to the Board the IJ's finding that he did not show a clear probability of persecution on account of his tattoos. His notice of appeal and brief set forth only general and conclusory challenges to that finding. We conclude that there was no error in the Board's failure to address this particular issue.

To qualify for CAT protection, Lazo Elvir must show that it is more likely than not that he will be tortured in Honduras. *See* 8 C.F.R. § 1208.16(c)(2) (2022). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012). For purposes of the CAT, torture includes only conduct "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2022). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "The

4

official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Mulyani v. Holder*, 771 F.3d 90, 200 (4th Cir. 2014) (internal quotation marks omitted).

Evidence of past torture is relevant to a CAT claim, but it does not create a presumption of future torture. The IJ should consider: (1) whether the applicant could safely relocate to another part of the country; (2) evidence of gross, flagrant, or mass violations of human rights within the country of removal; and (3) other relevant information of country conditions. *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019). Lazo must show a likelihood "that []he will be *tortured*, not merely threatened[.]" *Ortez-Cruz v. Barr*, 951 F.3d 190, 202 (4th Cir. 2020). "When an applicant claims a fear of torture from multiple entities, the agency must assess the likelihood of torture by aggregating the risk from all sources." *Ibarra Chevez v. Garland*, 31 F.4th 279, 288 (4th Cir. 2022) (internal quotation marks omitted). We review factual findings for substantial evidence and the legal determinations de novo. *Id*. We conclude that substantial evidence supports the agency's finding that Lazo Elvir did not show that his fear of torture from police or gang members due to his non-gang related tattoos or his status as a deportee was sufficiently particularized. Lazo Elvir also asserts that the Board erred by not properly aggregating the risk of torture from police and gangs. We review this issue de novo and conclude that there was no error. *Id*. at 290-91. We also conclude that substantial evidence supports the agency's finding that the record did not show that the Honduran government would consent to, or acquiesce in Lazo Elvir's torture by gang members.

Lazo Elvir also contends that the Board erred in denying his application for cancellation of removal. We review the agency's finding that Lazo Elvir did not show that his removal would be an exceptional and extremely unusual hardship to his son as a mixed question of fact and law. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 560 (4th Cir. 2021). But "we may not review the IJ's factual findings related to the hardship determination[,]" but must accept those findings as true. *Id*. at 561. We note that much of the evidence of hardship Lazo Elvir claims was ignored by the IJ and the Board was not relevant to the issue of what will happen to Lazo Elvir's son if Lazo Elvir is removed, but has already occurred or will occur even if Lazo Elvir is not removed. We conclude that the Board did not err in the denial of cancellation of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*