78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben VALENZUELA-GRIJALVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Valenzuela-Grijalva, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an Immigration Judge's ("IJ") order finding Valenzuela-Grijalva deportable as charged under sections 241(a)(1)(B) and 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(1)(B) & 1251(a)(2)(B)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny this petition.
 
 I. SUMMARY DISMISSAL
 
 3
 Valenzuela-Grijalva contends that the BIA erred by summarily dismissing his appeal because the BIA's reference to 8 C.F.R. § 3.1(d)(1-a)(ii) (1992) does not support its conclusion that his appeal lacked an arguable basis in law or fact. This contention lacks merit.
 
 
 4
 We review the BIA's summary dismissal of an alien's appeal to determine whether the dismissal was appropriate. Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992). Summary dismissal is appropriate when the BIA is satisfied "from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay." Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988); 8 C.F.R. § 3.1(d)(1-a)(iv) (1992).
 
 
 5
 Here, the BIA's summary dismissal of Valenzuela-Grijalva's appeal was appropriate. The BIA's erroneous reference to 8 C.F.R. § 3.1(d)(1-a)(ii) (1992) does not warrant granting this petition for review, because the BIA clearly relied on 8 C.F.R. § 3.1(d)(1-a)(iv) (1992) to dismiss Valenzuela-Grijalva's appeal. At his deportation hearing, Valenzuela-Grijalva admitted the facts contained in the order to show cause. Valenzuela-Grijalva also admitted that he (1) was not a lawful permanent resident; (2) was denied registry; and (3) failed to apply for amnesty. The IJ found that Valenzuela-Grijalva was statutorily ineligible for relief. On appeal to the BIA, Valenzuela-Grijalva failed to present relevant facts or legal arguments to demonstrate that he was eligible for relief. Specifically, Valenzuela-Grijalva contended that he had yet to receive a deportation hearing and that the IJ did not afford him an opportunity to present favorable character evidence. See 8 C.F.R. § 3.1(d)(1-a)(iv) (1992). In light of the record, we conclude that the BIA properly determined that Valenzuela-Grijalva's appeal was frivolous. The BIA's summary dismissal was therefore appropriate. See Martinez-Zelaya, 841 F.2d at 295-96.
 
 II. DUE PROCESS
 
 6
 Valenzuela-Grijalva contends that the IJ violated his Fifth Amendment procedural due process rights when he failed to advise Valenzuela-Grijalva of his rights under 8 C.F.R. § 242.16(a) to retain an attorney at his own expense and to receive a list of legal services attorneys. We lack jurisdiction to address this contention.
 
 
 7
 Valenzuela-Grijalva raises this issue for the first time in his petition to this court. Although Valenzuela-Grijalva characterizes this contention as one involving a constitutional question which would allow us to address this issue, see Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987), the BIA clearly had jurisdiction to address this issue, see Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Thus, Valenzuela-Grijalva has failed to exhaust his administrative remedy, thereby depriving this court of jurisdiction to address this issue. See Vargas, 831 F.2d at 907-08.
 
 
 8
 Valenzuela-Grijalva contends that he exhausted his administrative remedy by presenting this issue to the BIA. Specifically, Valenzuela-Grijalva contends that his notice of appeal "placed the BIA on notice that Valenzuela was complaining that he was denied his right to counsel and for time to locate a representative." Thus, Valenzuela-Grijalva contends that we have jurisdiction to address this issue. We disagree. Because Valenzuela-Grijalva did not contend in his notice of appeal that he was denied his right to retain an attorney, we do not construe his notice of appeal as putting the BIA on notice that he was denied due process. Accordingly, we dismiss this part of Valenzuela-Grijalva's petition for lack of jurisdiction. See Rashtabadi, 23 F.3d at 1567.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3