15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Guadalupe HERRERA-BARRIGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70467.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Guadalupe Herrera-Barriga, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and we deny the petition for review.
 
 
 4
 Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for appeal in the notice of appeal. "We have held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d 294, 296 (9th Cir.1988) (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981)).
 
 
 5
 Herrera-Barriga seemed to raise two grounds in his appeal: 1) that the IJ erred in the use of his discretion and, 2) that the IJ erred in using an unconstitutional conviction to deport him. However, he failed to adequately inform the BIA of the particular reasons for his appeal. More specifically, Herrera-Barriga: 1) did not file a brief in support of his appeal despite indicating that he would; 2) included virtually no discussion of the facts in his Notice of Appeal to the BIA; 3) cited no legal authority; and 4) did not make clear which aspect of the IJ's decision he was challenging. Because Herrera-Barriga failed to meaningfully identify the reasons for appeal, we conclude that the BIA's summary dismissal under 8 C.F.R. Sec. 3.1(d)(1-a)(i) was appropriate. See Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992); Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3