54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark THAQI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent
 No. 94-4015.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Mark Thaqi, a Yugoslavian citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from a decision of an Immigration Judge finding him deportable and denying him the relief of asylum, withholding of deportation, or voluntary departure, under 8 U.S.C. Secs. 1158(a), 1253(h), and 1254(e). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 Thaqi is an ethnic Albanian and a Catholic who was born in the Kosovo region of Serbia in Yugoslavia. He is married to an American citizen and has three children who are citizens. In 1990, Thaqi was convicted in a Michigan court of two counts of carrying a concealed weapon. Deportation proceedings were commenced against him based on his conviction of a firearms violation. 8 U.S.C. Sec. 1251(a)(14) (1988). He was found deportable on that basis, and after a hearing before an Immigration Judge, Thaqi was denied relief from deportation. He appealed to the BIA, indicating that he would be filing a brief in support of his appeal. He also received a requested extension of time in which to file a brief, but failed to do so. The respondent moved to dismiss the appeal on that ground, and Thaqi did not respond. The BIA thereafter summarily dismissed the appeal as frivolous under 8 C.F.R. Sec. 3.1(d)(1-a)(iv). In his brief on appeal, Thaqi addresses the merits of his asylum claim and argues that his deportation amounts to cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 4
 This court's review of an order of the BIA is confined to the basis on which that body relied in issuing its order. See Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir. 1988). By failing to address in his brief the appropriateness of the summary dismissal in his case, Thaqi has waived his right to consideration of that issue. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Moreover, even if this waiver were overlooked, it appears that it was reasonable for the BIA to assume that Thaqi had abandoned his appeal or that it lacked merit in light of his failure to file a brief or respond to the motion to dismiss. See Toquero v. INS, 956 F.2d 193, 196 (9th Cir. 1992).
 
 
 5
 Furthermore, if this court were to reach the merits of the asylum claim as argued in Thaqi's brief, it does not appear that he met the burden of proof to establish a well-founded fear of persecution. See Klawitter v. INS, 970 F.2d 149, 151 (6th Cir. 1992). His reliance on Perkovic v. INS, 33 F.3d 615 (6th Cir. 1994), is misplaced, as that case involved a petitioner who had been arrested and beaten by Yugoslavian authorities for his political activities.
 
 
 6
 Finally, Thaqi's argument that his deportation amounts to cruel and unusual punishment is unpersuasive. See Bassett v. United States INS, 581 F.2d 1385, 1387-88 (10th Cir. 1978).
 
 
 7
 For all of the above reasons, the petition for review is denied.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation