67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bassam O. AGHA; Lajeh A.M. Al Saleh; Mohammed Agha;
Haitham Agha, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-1131.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995.
Filed: Sept. 26, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bassam O. Agha and his family petition for review of the decision by the Board of Immigration Appeals (BIA) summarily dismissing their appeal for failing to file a brief.
 
 
 2
 The BIA may summarily dismiss an appeal when a party indicates on its EOIR Form-26 notice of appeal that it will file a brief in support of its appeal, and subsequently fails to do so. See 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E) (1994). The Aghas indicated on their EOIR Form-26 that they would file a brief in support of their appeal; they received one extension of time, but failed to file a brief or request another extension. They did not respond to the Immigration and Naturalization Service's motion for summary dismissal, served on their counsel more than three months before the BIA summarily dismissed the appeal. The Aghas did not move the BIA for reconsideration. See 8 C.F.R. Sec. 3.2 (allowing reopening or reconsideration of BIA decision upon written motion). In light of these factors, we conclude the BIA did not abuse its discretion in dismissing the Agha's appeal. See 8 C.F.R. Sec. 3.1(d)(1) (1995) (BIA "shall exercise such discretion and authority ... as is appropriate and necessary for the disposition of the case"); cf. Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (BIA did not abuse discretion in dismissing appeal where no brief filed and alien inadequately informed BIA of basis of appeal).
 
 
 3
 The Aghas' petition for review is denied.