110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHUMS, LTD., a Utah corporation, Plaintiff-Appellee,
v.
ALWAYS IN MIND, INC., a Louisiana corporation, Defendant-Appellant.
 No. 96-56102.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1997.
Decided March 21, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant/Appellant Always in Mind, Inc. ("AIM"), a distributor of SnugZ/USA ("SnugZ"), appeals the district court's denial of its motion to vacate the default judgment and the permanent injunction. Plaintiff/Appellee Chums, Ltd ("Chums") filed a complaint against AIM for misappropriation of two of Chums's products in violation of the Lanham Act, 15 U.S.C. § 1125(a) and for unfair and deceptive business practices in violation of Cal.Bus. and Prof.Code §§ 71001 et seq. When AIM failed to file an answer to Chums's complaint, a default judgment and a permanent injunction prohibiting AIM's distribution of SnugZ's products in California were entered.
 
 
 4
 AIM moved to vacate the judgment and permanent injunction pursuant to Fed.R.Civ.P. 60(b)(4), (b)(5), and (b)(6), arguing that a nearly identical case had been resolved in the Central District of Utah. AIM contended that, because the Utah case resulted in a judgment based on a jury's determination that SnugZ's products did not amount to misappropriation or unlawful infringement, the permanent injunction against AIM's distribution in California should be vacated. The district court denied the motion to vacate judgment pursuant to Rule 60(b)(1), finding that AIM's failure to answer the complaint and to oppose Chums's motion for default judgment was "culpable conduct that led to the default."
 
 
 5
 We review a district court' denial of a Rule 60(b) motion for abuse of discretion. Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996); In Re Hammer, 940 F.2d 524, 525 (9th Cir.1991).
 
 
 6
 The policy considerations of Rule 60(b) limit the trial court's discretion in three ways. Hammer, 940 F.2d at 525. Those considerations are:
 
 
 7
 First, since Rule 60(b) is remedial in nature, it must be liberally applied. Second, default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits. Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment.
 
 
 8
 Id. (citations and quotations omitted). A trial court considers three factors when it exercises its discretion to grant or deny a Rule 60(b) motion to vacate: 1) prejudice to the plaintiff if the judgment is set aside; 2) any meritorious defenses of the defendant; or 3) any culpable conduct by the defendant leading to the default. Id. This three-part analysis is a disjunctive one; a finding of one of the three factors can be sufficient to justify a district court's denial of a motion to vacate a default judgment. Id. (citing Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988)).
 
 
 9
 * AIM argues that the district court abused its discretion by applying the culpable conduct standard set forth in Hammer. AIM contends that the proper consideration is whether there are changed circumstances that render the default judgment void or unenforceable. AIM relies on Safe Flight Instrument Corp. v. United Control Corp., 576 F.2d 1340 (9th Cir.1978). There, the plaintiff succeeded in obtaining an injunction against the defendant's use of a "540" patent belonging to the plaintiff. Id. at 1342. The injunction resulted from a settlement agreement in a case that was filed in the Western District of Washington. Id. The plaintiff filed a similar action in the Central District of California against other defendants, which was pending but untried at the time of the Washington injunction. Id. In the California litigation, the "540" patent was found to be invalid. Id. Two years later, United Control Corp., the Washington defendant, moved to vacate the injunction issued in the Western District of Washington. That motion was granted and upheld on appeal. Id. at 1344.
 
 
 10
 AIM's reliance on the Safe Flight decision is misplaced. A critical distinction between this case and the Safe Flight case is the existence of a settlement agreement between the parties which stipulated that, if the patent was declared invalid, sale of the protected product would be allowed. Id. We upheld the district court's grant of relief, because it "was founded upon the express agreement of the parties as reflected in the Settlement Agreement; that relief simply holds plaintiff to its bargain and is hardly inconsistent with equitable principles." Id.
 
 
 11
 Considering the application of the culpable conduct factor under Rule 60(b), we conclude that the district court did not abuse its discretion. It is undisputed that AIM received actual notice of the complaint, and that AIM failed to answer the complaint. AIM does not provide any explanation for its failure to answer the complaint. These facts amount to culpable conduct. Hammer, 940 F.2d at 526 (finding culpable conduct when a party has received actual or constructive notice of the filing of the action and failed to answer the complaint); see also Al-Torki, 78 F.3d at 1385 (finding that a defendant's culpable conduct may outweigh other factors). Defendants should not be encouraged to fail to respond to one lawsuit in the hope that they will succeed elsewhere and can then return, with their successes, to vacate a default judgment. The district court's denial of AIM's motion to vacate judgment should be affirmed.
 
 II
 
 12
 Chums presents an alternative argument: that counsel for AIM did not formally file a notice of appearance. Chums argues that counsel represents SnugZ, which is not a party to this case, and that their activities here amount to unauthorized representation.
 
 
 13
 Generally, an attorney may appear on behalf of a party by either filing a formal notice of appearance or filing pleadings on behalf of that party. Martinez-Zelaya v. I.N.S., 841 F.2d 294, 296 (9th Cir.1988) (finding that the personal appearance of an attorney was sufficient to demonstrate authority to represent a party, independent of filing designated form for "Entry of Appearance"). No evidence has been presented that AIM's counsel is not authorized to represent AIM. Chums's argument is not supported by fact or law.
 
 III
 
 14
 Chums contends that this appeal is frivolous. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Under this standard, this appeal is not frivolous, and we reject Chums's argument.
 
 CONCLUSION
 
 15
 The district court did not abuse its discretion in denying AIM's motion to vacate the judgment. There is no showing of fact or law to support Chums's contention that counsel for AIM have engaged in unauthorized representation. This appeal is not frivolous. The district court's denial of the motion to vacate default judgment and permanent injunction is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3