**Sukhraji RATIBHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70343.
INS No. A72–128–331.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

_____

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK,** Chief District Judge.

### MEMORANDUM ***

We review denials of motions to reopen for abuse of discretion. *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998). Our review is limited to the Board of Immigration Appeals ("BIA") decision and the basis upon which it relied. *Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988). We have jurisdiction to review discretionary denials of motions to reopen to the extent that the underlying deportation order was based on grounds over which we do have jurisdiction. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1223 (9th Cir.2002).

Ratibhan was found by the BIA to lack good moral character because she lied to the INS and was ineligible for suspension of deportation under 8 U.S.C. § 1101(f)(6). *See Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997). The determination of Ratibhan's moral character was not discretionary and may be reviewed. *Id.* at 1152. The underlying deportation order was also based on Ratibhan's failure to establish extreme hardship. We do not have jurisdiction to review that ground for Rathiban's deportation order. *Kalaw,* 133 F.3d at 1152. We also have jurisdiction to re-

---

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

view Ratibhan's allegations that she was a victim of fraud and received ineffective assistance of counsel.[1] *See Castillo–Perez v. INS*, 212 F.3d 518, 524 (9th Cir.2000).

Good Moral Character

The BIA found that Ratibhan's motion to reopen was not warranted as a matter of discretion because she lied during her asylum interview. The BIA considered Ratibhan's explanation that she did not understand the interpreter at the asylum interview, but found the explanation to be self serving. Ratibhan argues that the BIA abused its discretion for not considering evidence that she was illiterate, did not write her asylum application, and was not read her asylum application.[2] Literacy is not a prerequisite to being honest. Regardless of whether or not Ratibhan wrote the application, or had it read to her, she knowingly lied at the asylum interview in a fashion consistent with the false application. Moreover, her own testimony before the Immigration Judge ("IJ") is sufficient to show a knowing misrepresentation of status in order to remain in the United States for work opportunities. Accordingly, we find that the BIA did not abuse its discretion when it found that Ratibhan lacked good moral character.

Fraud

Ratibhan argues that she was defrauded by Rama Hiralal, a notary who was posing as, and whom she believed was, an attorney and that she was entitled to discretionary reopening. The BIA may grant a motion to reopen if the alien was injured by, and was ignorant of, the fraud. *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). Hiralal may have filed the false asylum application, but the BIA had sufficient basis to conclude that Ratibhan was a participant in the misrepresentation; Ratibhan admitted that she lied on her application. This was sufficient evidence so that the BIA did not abuse its discretion by rejecting Ratibhan's claims that she was defrauded by Hiralal.

Ineffective Assistance of Counsel

Ratibhan argues that the BIA should have granted the motion to reopen because her counsel Leon Roundtree provided ineffective assistance. Reopening is only warranted if the representation was so fundamentally unfair that it prejudiced the outcome of the case. *Rodriguez–Lariz*, 282 F.3d at 1226.

Ratibhan alleges that her counsel failed to discover the discrepancies in the asylum application, to explain the implications of withdrawing her asylum application, and to adequately prepare her for trial. However, even assuming that Ratibhan's allegations are accurate, her alleged flawed representation did not affect the determination that Ratibhan lacked good moral character. Moreover, even if counsel failed to discover the misrepresentations in the asylum application, it would have been too late to undue the harm because later honesty, or withdrawal of the application, does not negate the fact that she lied. *See Ramos*, 246 F.3d at 1264.

1. Even though the BIA did not address the merits of the Ratibhan's allegation of ineffective assistance of counsel, we have jurisdiction to review whether the BIA abused its discretion by not considering evidence of ineffective assistance of counsel because it is a favorable circumstance relating to the BIA's decision regarding Ratibhan's moral character. *See Arrozal*, 159 F.3d at 432–33.

2. Ratibhan also argues that the BIA erred by not considering the fact that she testified truthfully about her husband's death before the IJ. An instance of honesty does not negate a prior instance of dishonesty nor negate Rathiban's status under 8 U.S.C. § 1101(f)(6). *See Ramos v. INS*, 246 F.3d 1264, 1267 (9th Cir.2001).

Because counsel's performance did not prejudice the outcome of the proceeding, we find that the BIA did not abuse its discretion here. *See INS v. Rios–Pineda,* 471 U.S. 444, 452, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985) (holding that the BIA does not abuse its discretion by refusing to reopen a case based on the alien's prior conduct).

■ Ratibhan also argues that Roundtree failed to submit sufficient evidence of extreme hardship. Because we do not have jurisdiction to review claims related to extreme hardship, we decline to review this argument.

PETITION DENIED.