Preeti Ram KAUR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73445.

Agency No. A73–976–967.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Preeti Ram Kaur, a native and citizen of Fiji, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to "reopen and/on remand and dismissing her appeal of an Immigration Judge's decision denying her application for suspension of deportation. The transitional rules apply and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), We deny in part and dismiss in part the petition.

The BIA correctly concluded that Kaur lacked good moral character, and was therefore ineligible for suspension of deportation because she gave false statements under oath to an asylum officer. *See* 8 U.S.C. § 1101(f); *Kalaw,* 133 F.3d at 1151. The BIA properly denied Kaur's motion to remand to supplement the record regarding extreme hardship because even if Kaur could show extreme hardship, she would not be eligible for suspension in light of the BIA's moral character finding. *Id.*

The BIA did not abuse its discretion in denying Kuar's motion to "reopen and/or remand" to apply for asylum because the motion was conclusory and not supported by "affidavits or other evidentiary material" as required by 8 CFR § 3.2(c)(1) (2002). *See INS v. Jong Ha Wang,* 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (regulation requires alien to allege and support by affidavit or other evidentiary material the

particular facts claimed to constitute prima facie eligibility for relief).

 We lack jurisdiction to consider Kaur's contention, raised for the first time in her petition for review, that she did not knowingly and voluntarily waive her application for asylum. *See Martinez–Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir.1988).

**PETITION DENIED in part; DIS-MISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.