Rajinder Kumar JHAMB, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73471.
Agency No. A70–947–994.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 21, 2004.

Philip D. Abramowitz, Esq., Korenberg, Abramowitz and Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Douglas E. Ginsburg, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before MAGILL,** TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM***

Rajinder Kumar Jhamb petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of deportation. We

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have jurisdiction pursuant to 8 U.S.C. § 1252. We affirm.

We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not establish eligibility. *Cardenas v. INS*, 294 F.3d 1062, 1065 (9th Cir.2002). The decision must be affirmed if supported by reasonable, substantial, and probative evidence in the record. *Id.* (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

An applicant may qualify for asylum by showing either past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). The application may be denied, however, if it is shown that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality ... and under all circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i)(B). When past persecution has been found, as the BIA presumed in this case, the government has the burden to show that it would be reasonable for the applicant to relocate within the country. *See* 8 C.F.R. § 208.13(b)(1)(ii); *Cardenas*, 294 F.3d at 1066. Here, the BIA concluded that the government had satisfied its burden of proving that, under all circumstances, it would be reasonable for Jhamb to avoid persecution by Muslim extremists from Kashmir by relocating within India to a region where such extremists have little influence.

 The BIA's decision is supported by substantial evidence. The government provided a State Department report, which explained that relocation within India is a viable option for individuals in India. Indeed, the report states that "Kashmiris have escaped the violence in their home state by settling elsewhere in India" and that "Kashmiris have a long tradition of internal migration and have little difficulty resettling in other parts of India."[1] Jhamb did not provide evidence that would dispute or undermine the viability of relocation within India. Moreover, Jhamb's own testimony indicates that he faced no problems with political opposition groups when he traveled to other areas of India prior to leaving the country.

Accordingly, the record does not compel us to overturn the BIA's conclusion that Jhamb failed to establish a well-founded fear of future persecution. *See* 8 U.S.C. § 1252(b)(4)(B).[2]

**PETITION DENIED.**

---

1. Jhamb's assertion that the IJ's reliance on the State Department report constituted a due process violation is without merit. During the hearing before the IJ, Jhamb's counsel did not object to the introduction of this evidence by the government. Moreover, use of the country report was neither unexpected nor exceptional. *See Marcu v. INS*, 147 F.3d 1078, 1081 (9th Cir.1998) ("We have previously described these country reports as 'the most appropriate and perhaps the best resource' for 'information on political conditions in foreign nations.'" (quoting *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir.1995))).

2. Jhamb also claims that his placement in exclusion proceedings after re-entering the United States on an advance parole, rather than being accorded deportation proceedings, reveals that the use of advance parole effectuates an unknowing and involuntary waiver of his legal rights. Because Jhamb failed to raise this waiver argument before the BIA, we refuse to address it. *Martinez–Zelaya v. INS*, 841 F.2d 294 (9th Cir.1988).