Sarbjit **SINGH**, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73443, A73–396–618.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Margaret Perry, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Sarbjit Singh, a native and citizen of India, petitions for review from the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his application for asylum and withholding of deportation, and from the BIA's denial of his motion to remand to allow him to apply for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1105a. Our review is confined to the BIA's decision and the bases upon which it relied. *See Martinez–Zelaya,* 841 F.2d 294, 296 (9th Cir.1988). We review for substantial evidence the adverse credibility finding, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and for abuse of discretion

** This disposition is not appropriate for publication and may not be cited to or by the

denial of the motion to remand, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir. 2000). We deny the petition for review.

■ Substantial evidence supports the BIA's finding that Singh was not credible because Singh's submission of a fraudulent birth certificate undermined his credibility and his failure to prove his identity as a Sikh goes to the heart of his asylum claim. *See Malhi* at 993. Accordingly, Singh failed to establish eligibility for asylum or withholding of deportation. *Id.*

■ The BIA did not abuse its discretion in denying Singh's motion to remand to allow him to apply for CAT relief because Singh failed to present any evidence showing that it is "more likely than not" that he would be tortured if returned to India. 8 C.F.R. § 208.16(c)(2); *see also Malhi,* 336 F.3d at 993.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

### PETITION FOR REVIEW DENIED.