**Florencia TUM, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73712.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Florencia Tum, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Florencia Tum, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal as untimely. We have jurisdiction under the transitional rules pursuant to former 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's decision for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964

*** This disposition is not appropriate for publication and may not be cited to or by the

(9th Cir.2002). We grant in part and dismiss in part the petition for review.

■ We conclude that the BIA abused its discretion in failing to construe Tum's untimely notice of appeal as a motion to reopen, where she specifically requested the BIA to reopen the case for ineffective assistance of counsel and then provided evidence of her attempts to comply with the requirements set forth in *Matter of Lozada,* 19 I & N Dec. 637, 639 (BIA 1988). As a result, the BIA improperly focused on whether there were exceptional circumstances excusing the late filing, rather than considering whether ineffective assistance of Tum's counsel warranted reopening. We therefore remand to the BIA for consideration of whether Tum has met the criteria for reopening and if so, whether the BIA should favorably exercise its discretion to reopen Tum's deportation proceedings. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 (9th Cir.2001).

■ Because we lack jurisdiction to review the immigration judge's decision, we dismiss that portion of the petition for review. *See Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.