**NOT FOR PUBLICATION**

FILED

MAY 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE KARAPETYAN; ARTUR AVETISYAN; HAYKANUSH AVETISYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-77339 <br><br> Agency Nos. A075-675-360 <br> A075-675-328 <br> A078-112-015 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Petitioner Karine Karapetyan, a native and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

Immigration Judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("CAT"), on the basis of an adverse credibility determination. We deny her petition for review.

"We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). To support an adverse credibility finding, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994). "[T]estimony that is implausible in light of the background evidence can support an adverse credibility finding." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (citation, emphasis, and internal quotation marks omitted).

The IJ described several implausibilities in determining that Karapetyan's testimony was not credible. Karapetyan testified that she was persecuted for trying to reveal a secret document about the assassinations of high-ranking government officials and the conspiracy to mask these murders as suicides. The IJ found that her testimony about her behavior concerning the document was implausible and inconsistent. First, he pointed to Karapetyan's testimony that after being imprisoned, beaten, and hospitalized for sending a letter about the conspiracy to the prosecutor, she wrote again to the same prosecutor upon her release from the

2

hospital.  Karapetyan acknowledged that it must have been the prosecutor who caused her to be arrested and beaten, but she thought that he would not take a personal interest in her case and would give her second letter to another prosecutor. Second, the IJ explained that her failure to make copies of the document was inconsistent with her stated desire to bring the conspiracy to light.  Karapetyan testified that she failed to bring copies of the report to a women's meeting of her political party at which she denounced the leader of the party as the leader of the assassination ring.  The IJ found it implausible that she would not bring any evidence to support her dramatic claim against the leader of the party and incredible that, as an executive secretary responsible for archiving documents, she would not understand the value of corroborating her claims with copies of the document.  Third, the IJ noted that even though Karapetyan testified that she stayed in Armenia (after her husband fled the country) to bring the alleged leader of the conspiracy to justice, she did not know any information about the subsequent charges against the leader.  Because of these implausibilities in Karapetyan's testimony, the IJ's adverse credibility finding was supported by substantial evidence.

In addition, because Karapetyan failed to meet her burden of demonstrating that the record compels the conclusion that her claim is credible, she also failed to

3

meet her burden that she qualifies for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Likewise, because Karapetyan's CAT claim is based on the same allegations that supported her asylum claim, the IJ's adverse credibility determination validly applied to her CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) ("[Petitioner] points to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture. Therefore, because we affirm the BIA's determination that [petitioner] . . . [was] not credible, we must similarly affirm the rejection of [petitioner]'s claim under the Convention Against Torture."). We deny her petition for review.

We decline to reach her ineffective assistance of counsel argument because she raised this argument for the first time on appeal. *See Martinez-Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir. 1988) ("Our review does not extend to what [petitioner] should have argued to the BIA. Instead, our review is confined to the BIA's decision and the bases upon which the BIA relied.").

We also deny Karapetyan's motion to submit evidence into the record.

DENIED.

4