**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANILA MALANI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-73630

Agency No. A095-882-703

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Anila Malani, a native and citizen of Albania, petitions for review of a

decision of the Board of Immigration Appeals adopting and affirming an

immigration judge's denial of her applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Malani argues that we have jurisdiction to review the Board's finding that she failed to timely file her asylum application as required by 8 U.S.C. § 1158(a)(2)(B) because of the immigration judge's conceded error in finding that she filed her application on July 27, 2002, rather than June 27, 2002, the date stamped on her application. Even were we to hold that we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and that Malani has met her burden of demonstrating by clear and convincing evidence that she filed her application within one year of her arrival in the United States, Malani's asylum claim fails on the merits because substantial evidence supports the immigration judge's adverse credibility finding.

The immigration judge provided "specific cogent reason[s]" for his adverse credibility finding, and Malani has therefore failed to demonstrate that "any reasonable factfinder would necessarily conclude that [she] is eligible for relief from deportation." *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir. 2001). Malani's petition for review of the adverse credibility finding as it relates to her asylum, withholding of removal, and CAT claims is denied.

Malani asserts that counsel at her removal hearing provided ineffective assistance of counsel. We decline to address Malani's argument because she has not raised it before the Board, *see Martinez-Zelaya v. INS*, 841 F.2d 294, 296 (9th

2

Cir. 1988), nor has she complied with the procedural requirements established by the Board in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Counsel's alleged ineffective assistance is not "obvious and undisputed on the face of the record," therefore compliance with *Matter of Lozada*'s procedural requirements is not excused and we lack jurisdiction to review it. *See Reyes v. Ashcroft*, 358 F.3d 592, 596–97 (9th Cir. 2004).

Petition **DENIED** in part and **DISMISSED** in part.