**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE CLAVEL GONZALEZ, | No. 22-909 |
| Petitioner, | Agency No. A200-975-089 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2023[**]
Pasadena, California

Before: TASHIMA, WALLACH,[***] and CHRISTEN, Circuit Judges.

Petitioner Felipe Clavel Gonzalez ("Clavel Gonzalez"), a native and citizen

of Mexico, petitions for review of a decision from the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Appeals ("BIA") that denied his motion to reopen his removal proceeding because the motion was untimely and Clavel Gonzalez did not submit material, persuasive evidence of changed country conditions since his previous hearing in 2016 to qualify for an exception to the 90-day filing deadline.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the BIA's decision to deny a motion to reopen, Reyes-Corado v. Garland, 76 F.4th 1256, 1259 (9th Cir. 2023), and we "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law," Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010).  We review "the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence."  Reyes-Corado, 76 F.4th at 1260.  We deny the petition for review.

1.  Generally, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(C)(i).  The BIA's order issued nearly four years before Clavel Gonzalez filed his motion.  The BIA properly found his motion untimely.

2.  There is "no time limit" for filing a motion to reopen, however, if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at

---

[1] Because the parties are familiar with the facts, we do not recount them here.

the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). According to the BIA, Clavel Gonzalez "alleges that there is an increase in violence perpetrated by organized criminals and his family members have been victimized . . . ." A movant must "produce evidence that conditions have changed in the country of removal," and "demonstrate that evidence is material . . . ." Silva v. Garland, 993 F.3d 705, 718 (9th Cir. 2021). We limit our review to "the BIA's decision and the bases upon which the BIA relied." Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir. 1988); see also Silva, 993 F.3d at 718.

The BIA considered the evidence,[2] including Clavel Gonzalez's affidavit relating to "an alleged assault which occurred in Mexico in 2004," as well as "country condition information" from 2005 and 2019. Substantial evidence supports the BIA's conclusion that Clavel Gonzalez's evidence "generally indicate a continuation of the crime and violence considered" already in "previous decisions" by the immigration judge and BIA.

Moreover, the BIA properly considered Clavel Gonzalez's "claims regarding gang mistreatment of his two sisters and mother" and concluded that they did "not

---

[2] In its decision, the BIA acknowledged that Clavel Gonzalez did not explain why he could not present, at his 2016 merits hearing, the 2005 country conditions report as well as his affidavit detailing his alleged assault in 2004.

alter [his] failure to establish changed country conditions."[3] We acknowledge that "changed circumstances that occur in the country of nationality or the country to which removal is ordered, and are entirely outside the petitioner's control, may constitute changed country circumstances even if they are personal, painful, or life-altering." Reyes-Corado, 76 F.4th at 1262 (cleaned up). Here, substantial evidence supports that the BIA did not act arbitrarily, irrationally, or contrary to law when concluding that Clavel Gonzalez did not produce material evidence of changed country conditions. See id. at 1261–65 (concluding that a movant presented "qualitatively different" evidence of changed country circumstances since his prior hearing, when his declaration detailed "actions and threats" against immediate family members in Guatemala, including an "escalating campaign of threats, harassment, and physical violence against" them); see also Malty v. Ashcroft, 381 F.3d 942, 944 (9th Cir. 2004) ("He submitted new evidence detailing rising levels of violence against Egyptian Coptic Christians generally and specific acts of violence against his family in particular." (emphases added)). Even accepting Clavel Gonzalez's affidavit "as true for purposes of ruling on the motion to reopen," Reyes-Corado, 76 F.4th at 1261, "there is no indication that the Board failed to credit" it, Najmabadi, 597 F.3d at 990, when the affidavit speaks to an

---

[3] "[A]lthough the BIA must consider a petitioner's evidence of changed country conditions, it need not expressly refute on the record every single piece of evidence." Feng Gui Lin v. Holder, 588 F.3d 981, 987 (9th Cir. 2009).

4

assault he experienced in 2004 and lacks support as material evidence for any specific claims for his two sisters' and mother's current gang mistreatment since his previous proceeding. Thus, the BIA properly concluded that Clavel Gonzalez did not produce material evidence of changed country conditions since his previous hearing, so his motion to reopen was time-barred.

**PETITION DENIED.**