**Zeferino Araiza FLORES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–71262, 02–74172.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided July 28, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Dawson, Law Office of Howard Dawson, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, Carl H. McIntyre, Jr., Carolyn Piccotti, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Zeferino Araiza Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying Flores's motion to reopen. We review for an abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and de novo due process violations, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir. 1994). We dismiss in part, grant in part, and deny in part.

■ To the extent Flores appeals the denial of cancellation of removal, this court lacks jurisdiction to review the IJ's discretionary determination that Flores did not qualify because he failed to demonstrate "exceptional and extremely unusual hardship" to a qualifying relative. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 890–91 (9th Cir. 2003).

Contrary to Flores's contention, the BIA's failure to articulate reasons for its decision does not violate due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

■ The BIA denied Flores's motion to reopen because he had not voluntarily departed within the period the BIA had specified. However, at the time of the BIA's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decision the BIA was apparently unaware that Flores had a petition for review of the BIA's underlying order pending with this Court, and had filed a stay of removal request, which had been granted. The BIA, therefore, had no opportunity to consider whether Flores's voluntary departure should commence at a later time by reason of his pending petition for review or stay of removal. In these circumstances, we vacate the BIA's denial of the motion to reopen and remand to the BIA for a reconsideration of that ruling. *See Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1174–75 (9th Cir.2003); *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Petition for Review DISMISSED in part, GRANTED in part, and DENIED in part.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.