MEMORANDUM *
Zeferino Araiza Flores (“Araiza Flores”), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing and denying his motion to reopen upon remand from our court. We review the BIA’s denial of a motion to reopen for abuse of discretion. Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008). We will reverse the agency’s denial of a motion to reopen if it is “arbitrary, irrational, or contrary to law.” Id. We have jurisdiction pursuant to 8 U.S.C. § 1252.
The BIA abused its discretion when it denied Araiza Flores’s motion to reopen because its stated basis for the denial— that it was barred from considering the merits of Araiza Flores’s motion to reopen because he did not voluntarily leave the United States within thirty days of the BIA’s voluntary departure order issued on April 17, 2002 — was legally insufficient. In its decision on June 13, 2005, the BIA correctly stated that the voluntary departure time runs from the date of the Immigration Judge’s or BIA’s voluntary departure order, citing Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166 (9th Cir.2003), but the BIA did not analyze Araiza Flores’s voluntary departure period under our circuit precedent of Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004), which was applicable at the time of the BIA’s decision. The BIA is not free to disregard circuit precedent. See Singh v. Ilchert, 63 F.3d 1501, 1508 (9th Cir.1995) (“A federal agency is obligated to follow circuit precedent in cases originating within that circuit.”), superseded by statute as stated in Parussimova v. Mukasey, 555 F.3d 734 (9th Cir.2009). Our review is “confined to the BIA’s decision and the bases upon which the BIA relied.” Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988). Here, the BIA’s legal basis for denial was contrary to law.[1]
Applying Desta, Araiza Flores’s voluntary departure period was tolled because he filed a petition for review and request for stay of removal in our court within his voluntary departure period, which stay of removal was granted. See Desta, 365 F.3d at 750 (holding that where a motion to stay removal is filed before the voluntary departure period expires, the motion is construed to include a timely motion to stay voluntary departure and the stay is effective nunc pro tunc to the time the motion is granted or entered by the clerk). Because Araiza Flores’s voluntary departure period was tolled by our stay of removal, his motion to reopen filed on July 16, 2002 was filed within his tolled voluntary departure period. Moreover, under Azarte v. *650 Ashcroft, 394 F.3d 1278 (9th Cir.2005), the filing of his motion to reopen within the voluntary departure period would have entitled Araiza Flores to a toll of his voluntary departure period while the BIA considered his motion to reopen. See Azarte, 394 F.3d at 1289.[2] Because the prior Ninth Circuit panel vacated the BIA’s denial of Araiza Flores’s motion to reopen, his motion to reopen would have been pending until the BIA rendered its denial on remand. Because that motion to reopen was pending, the combined effects of Desta and Azarte meant that Araiza Flores’s stayed voluntary departure period had not expired. The BIA was thus able to assess Araiza Flores’s motion to reopen on its merits, absent any other preclusive doctrine.
We vacate the order of the BIA denying the motion to reopen, and remand to the BIA for a reconsideration of that ruling.
Petition for review GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The BIA's error in this regard may have been encouraged inadvertently by the absence of any citation to Desta when we previously remanded this case. Araiza Flores v. Ashcroft, 104 Fed.Appx. 126 (9th Cir.2004).

. Azarte is no longer applicable after the Supreme Court's decision in Dada v. Mukasey, ■ — ■ U.S. -, 128 S.Cl. 2307, 171 L.Ed.2d 178 (2008). In Dada, the Supreme Court rejected the tolling of voluntary departure during the pendency of a motion to reopen in favor of allowing an alien to unilaterally withdraw his or her application for voluntary departure if his voluntary departure period had not yet expired. Id. at 2311, 2319. We express no view on applicability of Dada, beyond noting that after Dada Azarte is no longer applicable. Whether or not the remedy mentioned in Dada may be available to Araiza Flores is an issue that should be addressed in the first instance by the BIA. On remand, the BIA may consider whether Dada has any application to the circumstances of Araiza Flores's case.