**NOT FOR PUBLICATION**

FILED

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENGYI CHEN,<br><br>            Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 08-74710<br><br>Agency No. A078-230-062<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Dengyi Chen, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals affirming an immigration judge's

denial of her applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Substantial evidence supports the Board's adverse credibility determination based on material inconsistencies between Chen's asylum declaration and her hearing testimony, particularly as to her purported loss of consciousness. The immigration judge and the Board provided "specific cogent reason[s]" for the adverse credibility finding, and Chen has failed to demonstrate that "any reasonable factfinder would necessarily conclude that [she] is eligible for relief from deportation." *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir. 2001).

Chen claims that counsel at her removal hearing provided ineffective assistance. Chen has not raised the issue before the Board, *see Martinez-Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir. 1988), nor has she complied with the procedural requirements established by the Board in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Counsel's alleged ineffective assistance is not "obvious and undisputed on the face of the record," therefore compliance with *Matter of Lozada*'s procedural requirements is not excused. *See Reyes v. Ashcroft*, 358 F.3d 592, 596–97 (9th Cir. 2004). Even if we reach the merits of the argument, Chen does not explain what additional information her attorney could have elicited that could be expected to have made a difference, so she has failed to demonstrate that her representation at the hearing was "so inadequate that it may have affected the outcome of the proceedings." *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006).

Petition **DENIED** in part and **DISMISSED** in part.